```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION

MANUFACTURER DIRECT, LLC,      )
                               )
          Plaintiff            )
                               )
     v.                        )   Case No. 2:05 cv 451
                               )
DIRECTBUY, INC.,               )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Protective Order (DE 83) filed by the defendant, DirectBuy, Inc., on November 13, 2006, and the Request for Oral Argument on Defendant's Motion For a Protective Order (DE 90) filed by the plaintiff, Manufacturer Direct, on December 7, 2006.  For the reasons set forth below, the Motion for a Protective Order is **GRANTED**, and the Request for Oral Argument is **DENIED**.

Background

DirectBuy markets a franchise system. Franchisees of the system operate buying clubs offering memberships in the club through which the club's retail customers purchase products, generally those related to home remodeling, at discount prices. In exchange for the right to operate a DirectBuy franchise, the franchisee pays an initial fee and on-going royalties from the sale of club memberships. The plaintiff in this matter, Manufacturer Direct, operated a DirectBuy Franchise in West Palm Beach, Florida.

DirectBuy has maintained relationships with various manufacturers ("approved vendors") of home improvement products. Through

these relationships, DirectBuy has provided access to products for franchises to sell to its members at discounted prices. In addition, franchisees were encouraged to develop relationships with local providers of related products and services that also would be offered through the club ("outside vendors"). In either case, the Franchise Agreement required that a franchise limit its service charge to less than 8% of the "actual cost" of purchasing merchandise. The Franchise Agreement also gave DirectBuy the right to terminate the franchise if, among other reasons, the club "violate[d] any applicable buyers club law or regulation." (Franchise Agreement §14.03(j)).

DirectBuy alleged that Manufacturer Direct violated the 8% limit and further violated the Florida Buying Club Law and sent notice of termination. In response, Manufacturer Direct filed a four-count complaint alleging (1) breach of contract and the covenant of good faith, stating that DirectBuy was without cause to terminate the agreement; (2) a violation of the Indiana Franchise Act; and (3) tortious interference with contract.  The complaint also seeks a declaratory judgment regarding the allegations that Manufacturer Direct violated the Florida Buying Club Law. On January 31, 2006, DirectBuy moved for judgment on the pleadings. The district court granted the motion only with regard to the claims under the Indiana Franchise Act and the claim for tortious interference with contract. (Opinion and Order, July 26, 2006) As a result, the breach of contract and declaratory claims remain in this case. There is no dispute that the central ques-

tion to both claims is whether Manufacturer Direct violated the Florida law, and as a result, triggered the termination provisions in the Franchise Agreement.

In October 2006, Manufacturer Direct served subpoenas on 17 of DirectBuy's approved vendors. The subpoenas were issued through nine federal judicial districts, and each subpoena sought 12 sets of documents from the manufacturers. These requests included, among others, "all documents that reflect any agreement" between the manufacturer and DirectBuy, documents reflecting any payments made by the manufacturer to DirectBuy, any "directives," correspondence, or conditions with DirectBuy, and "any documents in you [sic] possession mentioning or relating to DirectBuy." DirectBuy seeks a protective order barring Manufacturer Direct from pursuing these subpoenas.

## Discussion

Manufacturer Direct first argues that DirectBuy lacks standing to challenge the subpoenas of third parties. To the extent that Manufacturer Direct has based this argument on Federal Rule of Civil Procedure 45, it, generally, is correct. Rule 45(c), regarding "protection of persons subject to subpoenas," provides that "a person commanded to produce" by the subpoena "may . . . serve upon the party or attorney designated in the subpoena written objections to producing any or all of the designated materials." ***Dreyer v. GACS, Inc***., 204 F.R.D. 120, 121 n.3 (N.D. Ind. 2001). However, a party to the case gains standing when an assertion of "personal right or privilege" is made

3

regarding the sought-after documents. *Minnesota School Boards Association Insurance Trust v. Employers Insurance Company of Wausau*, 183 F.R.D. 627, 629 (N.D. Ill. 1999); Rule 45(c)(3)(B).

DirectBuy did not assert that the information sought by the subpoenas implicated a "personal right" until it did so in a footnote in its reply brief. While it is conceivable that a personal right or privilege is implicated in the discovery requests, DirectBuy has made this assertion too late and without the necessary specificity. *See e.g. United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003)("The mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements."); *River v. Commercial Life Insurance Company*, 160 F.3d 1164, 1173 (7th Cir. 1998).

Further, Rule 45(c) vests enforcement of a subpoena with "the court on behalf of which the subpoena was issued." *See also Dreyer*, 204 F.R.D at 122 n.4. In this matter, a motion to quash pursuant to Rule 45 necessarily would be filed separately in the nine judicial districts in which the non-party recipients of the subpoenas reside. There is no indication that the Northern District of Indiana is one of those nine.

DirectBuy argues that, distinct from a motion to quash under Rule 45, the subpoenas may be precluded by a protective order under Federal Rule of Civil Procedure 26(c)(1). DirectBuy argues that the subpoenas seek information with no relevance to this matter. Rule 26(c) states that "upon motion by *a party* . . . and

4

for good cause shown . . . the court . . . may make any order which justice requires to protect *a party or person* from annoyance, embarrassment, oppression, or undue burden or expense." (emphasis added). Subpoenas, like all discovery, are limited to relevant information. See *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("[t]he reach of a subpoena issued pursuant to Fed.R.Civ.P. 45 is subject to the general relevancy standard applicable to discovery under Fed.R.Civ.P. 26(b)(1).").

As applied under Rule 26(b)(1), relevancy includes information that may not be admissible, provided that "discovery appears reasonably calculated to lead to discovery of admissible evidence." *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). Following amendments to Rule 26, narrowing relevance from that which is related to the "subject matter" of the case to matters related particularly to "claims or defenses," relevance remains broadly construed. *Sanyo Laser Products, Inc., v. Arista Records, Inc.*, 214 F.R.D. 496, 500 (S.D. Ind. 2003) ("The change, while meaningful, is not dramatic, and broad discovery remains the norm.").

The relevance of the information sought in the subpoena also is a factor to be considered by the court when assessing whether the subpoena constitutes an undue burden. *See Bradbury Co., Inc. v. Teissier-DuCros,* No. 03-1391-WEB*,* 2005 WL 2972323, at *3 (D. Kan. 2005)*(citing Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003)("Whether a subpoena imposes an undue burden upon a

5

witness is a case specific inquiry that turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.").

There is some disagreement regarding whether a party, who lacks standing under Rule 45 to challenge a non-party subpoena, can achieve a similar end under Rule 26. The weight of authority in this circuit, and others, reads Rule 26's broad grant of authority over discovery matters and its protection of any "party or person" to permit DirectBuy's motion. *Vodak v. City of Chicago*, No. 03 C 2463, 2006 WL 3267428 at *6 (N.D. Ill. 2006); *Dreyer*, 204 F.R.D. at 122 (concluding that subpoenas are discovery devices, subject to discovery rules); *Cusumano v. NRB, Inc.*, 1998 WL 673833 at *4 (N.D. Ill. 1998)*(citing* *EEOC v. Kim and Ted, Inc.*, No. 95 C 1151, 1995 WL 591451 at *3 (N.D. Ill. 1995) ("Because protective orders may be brought upon motion by a party or by the person from whom discovery is sought, NRB has standing here."). *See also* *The Bradbury Company Inc.*, 2005 WL 2972323 at *4 *(citing* *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995) ("It is within the sound discretion of the court to enter a protective order."); *Peskoff v. Faber*, 230 F.R.D. 25 (D.D.C. 2005); *Eastman Kodak Company v. Camarata*, 238 F.R.D. 372, 375 (W.D.N.Y. 2006). *But see* *In re Application of FB Fooods, Inc.*, No. M8-85 (JFK), 2005 WL 2875366 (S.D.N.Y. 2005).

The remaining claims in this matter revolve around the allegation that Manufacturer Direct improperly marked up the price of products and services that they offered through their relationship with outside vendors. The discovery that Manufacturer Direct seeks regards only the relationships established by DirectBuy with the program's approved vendors. There is no indication that a connection can be drawn between DirectBuy's relationship with these manufacturers and the question of whether Manufacturer Direct properly priced the products it acquired from outside vendors.

In fact, Manufacturer Direct offers none. First, Manufacturer Direct suggests that this discovery will "determine the parties' intentions regarding the definition of the term 'actual cost.'" However, the "actual costs" of the products provided through DirectBuy are not at issue in this matter. Further clarifying the term "actual cost" as it relates to these products has no affect on this case. Rather, Manufacturer Direct's purpose is apparent from its statement that DirectBuy's "advertisements and marketing schemes are deceptive, and constitute a fraud on the public." These allegations, however, are not the basis of any claim in this case. Relevancy under the discovery rules does not sanction such a generalized hunt for incriminating information. The subpoenas at issue have no bearing on the claims or defenses in this case. Lacking relevancy, a protective order barring compliance is appropriate.

7

Finally, Manufacturer Direct suggests that this discovery is necessary to support its theory that DirectBuy's relationships with approved vendors "defrauded the public." The defendant's alleged misbehavior, according to Manufacturer Direct, barred it from terminating the Franchise Agreement through the doctrine of *in pari delicto*. The plaintiff has misunderstood this affirmative defense.

This doctrine, from the latin phrase, "*in pari delicto potior est conditio defendentis*" (where the wrong of both parties is equal, the position of the defendant is stronger) is an affirmative defense. **Williams Electronic Games, Inc. v. Garrity**, 366 F.3d 569, 574 (7th Cir. 2004)("The defense of *in pari delicto* is intended for situations in which the victim is a participant in the misconduct giving rise to his claim."). *See also* **Marwil v. Ent & Imler CPA Group, PC**, No. 1:03-CV-00678, 2004 WL 2750255 (S.D. Ind. 2004). In **Bateman Eichler, Hill Richards, Inc. v. Berner**, 472 U.S. 299, 105 S.Ct. 2622, 86 L.Ed.2d 215 (1985), the Supreme Court described the contours of this common law defense:

> The defense is grounded on two premises: first, that courts should not lend their good offices to mediating disputes among wrongdoers; and second, that denying judicial relief to an admitted wrongdoer is an effective means of deterring illegality. In its classic formulation, the *in pari delicto* defense was narrowly limited to situations where the plaintiff truly bore at least substantially equal responsibility for his injury, because "in cases where both parties are *in delicto*, concurring in an illegal act, it does not always follow that they stand *in pari delicto*; for there may be, and often are, very different degrees in their guilt."

>    472 U.S. at 306-07, 105 S.Ct. at 2626-27
>    (*quoting* 1 J. Story, Equity Jurisprudence
>    304-05 (13th ed. 1886) (Story))

Even if Manufacturer Direct were in the position to assert this as an affirmative defense, its use of the doctrine is an assertion of another claim against DirectBuy which was not raised in its complaint and which it does not have standing to raise. In response to the counterclaims asserted by DirectBuy, Manufacturer Direct summarily raised this affirmative defense, but its argument for its application here is not made with reference to the counterclaims. Rather, it argues that the doctrine precluded DirectBuy from terminating the franchise agreement.

Among the problems with the use of the doctrine in this manner is the fact that there is no indication that the parties voluntarily entered into an illegal agreement. This is not a situation comparable to a highwayman who sues his partner for an accounting of the profits of the robbery they committed together. *See* **Williams Electronics Games**, 366 F.3d at 574. Manufacturer Direct's assertion of fraudulent activity is not only disputed, but it is wholly independent of its claims against DirectBuy. The assertion that DirectBuy committed a "fraud on the public" that consequently is an appropriate subject for discovery merely sidesteps the conclusion, already addressed here, that the nature of DirectBuy's relationship with the approved vendors is not implicated by any claim or defense in this case. Manufacturer Direct may not raise these allegations, on which its pleadings were silent, and thereby expand discovery to apparently limitless

9

reaches. Discovery remains limited by the claims or defenses in the case. See *AmeriGas Propane, Inc. v. Crook* 844 F.Supp. 379, 388 (M.D. Tenn. 1993)("[T]he defense of unclean hands must be immediately related to the subject-matter of the suit.").

_____

For the foregoing reasons, the Motion for Protective Order (DE 83) filed by the defendant, Direct Buy, Inc., on November 13, 2006 is **GRANTED**, and the Request for Oral Argument (DE 90) filed by the plaintiff, Manufacturer Direct, on December 7, 2006, is **DENIED**.

ENTERED this 12th day of February, 2007


                                s/ ANDREW P. RODOVICH
                                   United States Magistrate Judge