```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

MANUFACTURER DIRECT, LLC,      )
                               )
          Plaintiff            )
                               )
     v.                        )    Case No. 2:05 cv 451
                               )
DIRECTBUY, INC.,               )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel Discovery filed by the plaintiff, Manufacturer Direct, LLC, on September 10, 2007. For the reasons set forth below, this motions is **GRANTED IN PART** and **DENIED IN PART**. DirectBuy's motion to set a scheduling conference, included within their September 22, 2007 response to the plaintiff's motion to compel, is **DENIED**.

Background

This cause of action revolves around a failed relationship between a franchisor, DirectBuy, and its franchisee, Manufacturer Direct, LLC. The events surrounding this relationship have been detailed in a series of previous orders which provide the detailed background giving rise to the plaintiff's claims. (*See* DE 34, 75, 102 and 121) For purposes of the current motion, the court adds that at the February 9, 2007 status conference, the court set a series of deadlines, including a June 29, 2007 date for the close of discovery, and July 31, 2007 for the filing of dispositive and Daubert motions.

On May 24, 2007, Manufacturer Direct served a set of inter-

rogatories and request for production that sought information regarding DirectBuy's stated reason for terminating the parties' agreement as well as documents exchanged between DirectBuy and the individuals Steven Levin and Jan Meyers.  On  June 12, 2007, Manufacturer Direct sent another request for production asking for the Uniform Franchise Circular Offering prepared by Direct-Buy, a copy of its current franchise agreement, drafts of the agreement "reflecting contemplated changes," and again, "documents reflecting correspondence with Jan Myers."  Approximately one month later, in an e-mail, DirectBuy assured Manufacturer Direct that responsive documents would be provided by the end of July. Responses have not been made.  In its motion, Manufacturer Direct seeks an order compelling responses to this discovery. DirectBuy, in response, requests that the court reopen discovery and reschedule all existing deadlines.

## Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). Relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." **Chavez v. DaimlerChrysler Corp.**, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (*quoting* **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57

L.Ed.2d 253 (1978)).  Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard.  *Sanyo Laser Prods., Inc. v. Arista Records, Inc*., 214 F.R.D. 496, 502 (S.D. Ind. 2003). See *Adams v. Target*, 2001 WL 987853 at *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action").

   A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses.  Federal Rule of Civil Procedure 37(a)(2)-(3).  The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist*., 235 F.R.D. 447, 449-50 (N.D. Ill. 2006).  The objecting party must show with specificity that the request is improper.  *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002).  That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Burkybile v. Mitsubishi Motors Corp*., 2006 WL 2325506 at *6 (N.D. Ill. Aug. 2, 2006) (internal quotations and citations omitted). Rather, the court's broad discretion in deciding discovery matters should consider "the

3

totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." ***Patterson v. Avery Dennison Corp.***, 281 F.3d 676, 681 (7${}^{th}$ Cir. 2002) (*quoting* ***Rowlin v. Alabama***, 200 F.R.D. 459, 461 (M.D. Ala. 2001)).

In its response brief, DirectBuy makes reference to this court's prior order requiring the plaintiff to produce what the parties characterized as "20 legal-sized bankers boxes" of documents. (Opinion and Order, July 19, 2007, p. 7)  DirectBuy further explains that these documents finally were produced on August 27, 2007, but they amounted only to nine boxes. DirectBuy has stated that it has deferred the depositions of Manufacturer Direct principals, awaiting full production of these documents. Finally reaching the discovery dispute raised by the plaintiff's motion, DirectBuy has stated that responses to the May request will be made by October 12 "but the June request came so late that the response/compliance date would have fallen after the June 29, 2007 discovery cut-off." DirectBuy then makes a separate request that the court reopen discovery and that "if the court reopens discovery, DirectBuy will respond to plaintiff's June discovery requests, also by October 12, 2007."

DirectBuy has offered no explanation grounded in relevancy, burden, or breadth for its failure to respond to Manufacturer Direct's May discovery request. Regarding the June request, DirectBuy has stated that it is under no obligation to respond to

4

the June discovery request because it was made less than 30 days before the close of discovery. See e.g. *Autotech Technologies Limited Partnership v. Automationdirect.com, Inc*., 2007 WL 2746654 at *3 (N.D. Ill. Sept. 18, 2007)("Given the fact that the ADC parties had 30 days to respond, the request was an obvious violation of Local Rule 16.1"); *Finawall v. City of Chicago*, 239 F.R.D. 494, 498-99 (N.D. Ill. 2006)("[A] deadline for discovery means that discovery must be *completed by that date*") (emphasis in original). Similarly, this court set June 29, 2007 as the date discovery should be completed. Discovery requests served less than the 30 days provided by the Federal Rules within which to respond are made at the risk of non-compliance before the end of the discovery period. Accordingly, the plaintiff's motion is **GRANTED** with respect to the discovery request made in May 2007 and **DENIED** with respect to the June requests.

DirectBuy also asks the court to reopen discovery and schedule a status conference to vacate existing deadlines and reset dates for dispositive motions and trial. Presumably, DirectBuy supports this request with the argument that it has delayed its own discovery, namely depositions of Manufacturer Direct principals, while awaiting complete responses from the plaintiff. However, DirectBuy never sought to compel further production of the information and offers no explanation why it is only now, months after Manufacturer Direct's supposed failure to produce, that it seeks this relief.

The request falls short of Federal Rule of Civil Procedure

5

16's requirement of good cause to modify a court's scheduling orders. This case has been subject to numerous extensions. Further, DirectBuy's request was not made in compliance with the court's local rules. *See* Local Rule 7.1(b). Finally, DirectBuy did not, prior to the expiration of the discovery deadline or the dispositive motion deadline, seek to extend these dates and now offers only the implication that the request is warranted by virtue of the court's previous extension of the expert witness deadline. The defendant's request both is belated and unsupported by good cause. Accordingly, these requests are **DENIED**. *See United States v. 1948 South Martin Luther King Drive*, 270 F.3d 1101, 1109-1111 (7th Cir. 2001).

_____

For the foregoing reasons the Motion to Compel Discovery filed by the plaintiff, Manufacturer Direct, LLC, on September 10, 2007 is **GRANTED IN PART** and **DENIED IN PART**. DirectBuy's motion to set a scheduling conference, included within their September 22, 2007 response to the plaintiff's motion to compel is **DENIED.**

ENTERED this 27th day of November, 2007

s/ ANDREW P. RODOVICH
United States Magistrate Judge